UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GUADALUPE CUEVA; et al., <br><br>Plaintiffs, <br><br>v. <br><br>NATIONS CREDIT HOME EQUITY SERVICES CORPORATION; et al., <br><br>Defendants. | 3:12-cv-0183-LRH-VPC <br><br><br>ORDER |

Before the court is plaintiffs Guadalupe Cueva, Anna Marie Cueva, and Ernesto Cueva's (collectively "plaintiffs") motion to remand filed May 3, 2012. Doc. #6.[1] Defendants filed an opposition (Doc. #8) to which plaintiffs replied (Doc. #9).

**I.   Facts and Procedural History**

In July, 1996, plaintiffs purchased real property through a mortgage note and deed of trust executed by non-party AVCO Mortgage Corporation of Nevada, Inc. ("AVCO"). On December 21, 2011, defendants sent plaintiffs a notice for an unexpected final payment of over $41,000 for the property.

In response, plaintiffs filed the present declaratory relief action against defendants in state court. Doc. #1, Exhibit A. Defendants removed the action to federal court based upon federal

---

[1] Refers to the court's docket entry number.

question jurisdiction. Doc. #1. Thereafter, plaintiffs filed the present motion to remand. Doc. #6.

## II. Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

## III. Discussion

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

Plaintiffs' complaint seeks a declaration from the court pursuant to NRS 30.010 *et seq*. concerning the actual final payment owed under the deed of trust. Doc. #1, Exhibit 1. Based on the face of the complaint, plaintiffs are alleging only a state law claim insufficient to grant federal question jurisdiction.

In opposition, defendants argue that removal is proper because plaintiffs' claim is rooted in federal law. *See Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308, 312

(2005) (federal question jurisdiction will lie over state law claims that implicate significant federal issues). However, contrary to defendants' position, plaintiffs' complaint seeks a declaration under Nevada law that is separate from any relief that could be sought under federal law. The complaint's reference to federal mortgage disclosure requirements only provides the background of plaintiffs' claim and the mortgage contract into which the parties entered. It does not form the basis of plaintiffs' declaratory relief action. As such, the court finds that plaintiffs' state law complaint does not implicate significant federal issues establishing federal question jurisdiction. *See e.g.*, *California ex. Rel Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper only because the state causes of action turned on the defendant's compliance with federal regulations). Therefore, the court cannot exercise federal question jurisdiction and shall grant the motion to remand.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. #6) is GRANTED. The clerk of court shall REMAND this action, 3:12-cv-0183-LRH-VPC, to the Ninth Judicial District of the State of Nevada.

IT IS SO ORDERED.

DATED this 5th day of July, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE